# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| PNC BANK, N.A., successor to National City Bank, successor to Mid America Bank, fsb, ) ) ) ) Plaintiff, ) ) v. ) ) CHICAGO TITLE LAND TRUST ) COMPANY, as trustee under Trust ) Agreement dated March 23, 2005, and ) known as Trust Number 1114182, ) and SHERRIE WILKS a/k/a ) SHERRIE V. WILKS, ) ) Defendants. ) | Case No. 15 C 03350  Judge Sharon Johnson Coleman |

## MEMORANDUM OPINION AND ORDER

Plaintiff, PNC Bank, N.A., ("PNC Bank"), filed a three-count complaint for mortgage foreclosure and other relief against Chicago Title Land Trust Company, as trustee under a Trust Agreement dated March 23, 2005, and known as Trust Number 1114182 ("CTLTC") and Sherrie Wilks a/k/a Sherrie V. Wilks ("Wilks"). PNC Bank now moves for summary judgment in its favor [45]. For the reasons stated below, this Court grants the motion.

**Background**

Local Rule 56.1(b)(3)(b) requires the party opposing a motion for summary judgment to respond to the moving party's statements of undisputed material fact with specific references to the affidavits, parts of the record, and other supporting materials demonstrating a dispute as to that fact. In this case, defendants failed to comply with LR 56.1(b)(3)(b) by responding with citations to the record. *See* Dkt. 53, Defs.' Resp. to Pl.'s LR 56.1 Statement of Material Facts, at ¶¶15, 16, 21, 22, 23. The Court therefore deems admitted those facts. *See e.g., Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 630 (7th Cir. 2010). The following material facts are undisputed.

1

PNC Bank is a national banking association with its principal place of business located in the State of Pennsylvania and the State designated on its organization certificate is Delaware. (Dkt. 53 at ¶ 1). On February 9, 2008, Mid America Bank, fsb, merged with National City Bank. On November 6, 2009, National City Bank merged with PNC Bank. (*Id*).

*Note-1*

On or about August 30, 2005, CTLTC as trustee under the Trust Agreement dated March 23, 2005, and known as Trust Number 111482, executed a Promissory Note in favor of Mid America Bank, fsb, in the original principal amount of $206,000.00 ("Note-1"). (*Id.* at ¶ 1). To secure the amount of Note-1, CTLTC, executed a Mortgage in favor of Mid America Bank, fsb, ("Mortgage-1"). (*Id.* at ¶ 9). Mortgage-1 pledged to Mid America Bank, the property commonly known as 8254-56 South Kedzie Avenue, Chicago IL 60534 ("the Property"), and was recorded with the Cook County Recorder of Deeds Office on November 3, 2005, as document number 0530733080. (*Id*). As additional security for Note-1, Wilks executed a Personal Guarantee in favor of Mid America Bank dated August 30, 2005, ("Guaranty-1"), unconditionally guarantying all obligations of CTLTC owing to Mid America, including without limitation the obligations arising under Note-1. (*Id.* at ¶ 10).

*Note-2*

On December 7, 2006, Wilks executed an Equity Cash Line Agreement and Promissory Note in favor of Mid America in the original principal amount of $30,000.00 ("Note-2"). (*Id.* at ¶ 11). To secure Note-2, CTLTC as trustee under the Trust Agreement dated March 23, 2005, and known as Trust Number 1114182, executed a Mortgage in favor of Mid America ("Mortgage-2"). (*Id.* at ¶ 12). Mortgage-2 pledged to PNC Bank the Property and was recorded with the Cook County Recorder of Deeds Office on December 28, 2006, as document number 0636208082. (*Id*). As additional security for Note-2, Wilks executed a Personal Guarantee in favor of Mid America

dated December 12, 2006 ("Guaranty-2"), unconditionally guarantying her obligations to Mid America, including the obligations under Note-2. (*Id.* at ¶ 13).

Note-1, Note-2, Mortgage-1, Mortgage-2, Guaranty-1, and Guaranty-2 are collectively the "Loan Documents." (*Id.* at ¶ 14). Prior to August 11, 2011, CTLTC and Wilks defaulted under the terms of the Loan Documents. (*Id.* at ¶ 15). Pursuant to the default of the defendants, the entire principal balance outstanding under the Loan Documents plus any accrued interest and related charges became due and owing by the defendants to PNC Bank. (*Id.* at ¶ 16). Defendants requested and PNC Bank agreed to temporarily forbear in enforcing its rights and remedies under the Loan Documents. (*Id.* at ¶ 17).

On August 11, 2011, defendants and PNC Bank executed a Loan Modification Agreement ("the Agreement") whereby in exchange for PNC Bank's temporary forbearance, defendants acknowledged and confirmed the existence of their default under the Loan Documents and further that they were each liable, jointly and severally, for payment of the balance of any funds due PNC Bank under the Loan Documents. (*Id.* at ¶ 18). Pursuant to the terms of the Agreement, CTLTC executed a Consolidated Modification Note dated August 11, 2011, in the original principal amount of $247,500.00 in favor of PNC Bank ("Consolidated Note"). (*Id.* at ¶ 19). The terms of the Agreement also provided that the Consolidated Note was secured by Mortgage-1, Mortgage-2, Guaranty-1, and Guaranty-2. (*Id.* at ¶ 20).

CTLTC and Wilks have been in default under the terms and conditions of the Consolidated Note, Agreement and Loan Documents as a result of their failure to (i) pay to PNC Bank all monies due and owing under the Consolidated note by its maturity date of August 15, 2015; and (ii) pay the 2013 and 2014 (1st installment) property taxes when they became due. (*Id.* at ¶ 21). Although defendants deny default, they present no evidence of payment on the Consolidated Note or of the property taxes, and thus this Court considers this fact admitted. By virtue of CTLTC failing to fulfill

3

its obligations under the Consolidated Note, Wilks has also failed to fulfill her obligations to PNC Bank under the Guaranties. (*Id.* at ¶ 22). On February 20, 2015, PNC Bank sent a Demand Letter to defendants demanding payment of all amounts due and owing under the Consolidated Note ("the Demand Letter"). (*Id.* at ¶ 23).

Pursuant to the terms of the Loan Documents, Agreement, and Consolidated Note, defendants agreed to reimburse PNC Bank for any expenses, including but not limited to reasonable attorney's fees, incurred by PNC Bank in enforcing its rights under the Loan Documents, Agreement, and Consolidated Note. (*Id.* at ¶ 24). The amounts outstanding and due pursuant to the Consolidated Note as of November 16, 2015, are:

Principal: $219,649.60
Interest: $14,517.53
Late Charges: $12,321.93
Total: $246,489.06
Per Diem: $39.66 (*Id.* at ¶ 25).

PNC Bank filed the instant lawsuit to enforce its rights under the Loan Documents and collect the amount due.

**Legal Standard**

Summary judgment is appropriate where there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment this Court must view the evidence in the light most favorable to the nonmoving parties, drawing all reasonable inferences in their favor. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). A genuine issue of material fact exists where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248. The nonmoving party "is required to marshal and present the court with the evidence she contends will prove her case." *See Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

**Discussion**

This suit is based on a contract, here the Loan Documents, the interpretation of which is an issue of law to which summary judgment is well-suited if the terms are clear and unambiguous. *Lewitton v. ITA Software, Inc.*, 585 F.3d 377, 379-80 (7th Cir. 2009). Under Illinois law, to recover on a promissory note a plaintiff must show that "(1) a defendant executed the promissory note; (2) the plaintiff is the holder of the note; and (3) the defendant has no viable defense in order to recover on a promissory note." *Wells Fargo Bank, N.A. v. Morgan*, 2013 U.S. Dist. LEXIS 97432 (N.D. Ill. July 12, 2013) (citing *Land O'Lakes Purina Feed, LLC v. WelkCo, LLC*, No. 10 C 981, 2011 U.S. Dist. LEXIS 41659, 2011 WL 1465621, at *2 (S.D. Ill. Apr. 18, 2011)). In this case, defendants admit executing the Loan Documents, there is no dispute that PNC Bank is the holder of the notes, and defendants have presented no evidence of any viable defense.

In evaluating a motion for summary judgment the court will limit its analysis of the facts "to evidence that is properly identified and supported in the parties'" Local Rule 56.1 statements. *See Bordelon v. Chicago Sch. Reform Bd. of Trs.*, 233 F.3d 524, 529 (7th Cir. 2000). If a party disputes a fact, it must point to record evidence in support of the denial. S*ee Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986) ("The plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment."); *see also Lucas v. Chicago Transit Authority*, 367 F.3d 714, 726 (7th Cir. 2004) ("[C]onclusory statements, not grounded in specific facts, are not sufficient to avoid summary judgment."). Although they deny defaulting on the terms of the Loan Documents and deny owing the principal balance and accrued interest on the Loan Documents, defendants have presented no evidence and point to nothing in the record to support their blanket denials. Accordingly, this Court finds summary judgment in favor of PNC Bank is appropriate.

**Conclusion**

Based on the foregoing, this Court grants PNC Bank's Motion for Summary Judgment [45]. The Court also grants PNC Bank's Motion to Appoint a Special Commissioner [58].

IT IS SO ORDERED.

Dated: July 15, 2016

SHARON JOHNSON COLEMAN
U.S. District Court